UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

RICHARD ALAN BEHNAN, D.P.M., and
KELLY MOREL,

          Defendants.
_____/

Case: 1:10-cr-20563
Judge: Ludington, Thomas L
MJ: Binder, Charles E
Filed: 09-22-2010 At 05:20 PM

## INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times relevant to this Indictment:

1.    Defendant Richard Alan Behnan, D.P.M., was a podiatrist, licensed to practice medicine in the State of Michigan.

2.    Defendant Behnan provided podiatric services at various senior citizen communities in the Eastern District of Michigan, Northern Division, and elsewhere.

3.    Defendant Kelly Morel was employed by Defendant Behnan and was responsible for preparing claim forms for the services rendered by Defendant Behnan.

4.    Defendant Morel submitted claims to insurers, each of which was a health

care benefit program as defined in 18 U.S.C. § 24(b), in that each was a private plan or contract, affecting commerce, under which medical benefits and services were provided to individuals. The insurers included but were not limited to Medicare and Blue Cross Blue Shield of Michigan (BCBSM). Claims were submitted either electronically or by mail to the insurance companies, approved by the insurers, and paid by electronically depositing money to Defendant Behnan's bank account of record.

### BLUE CROSS BLUE SHIELD OF MICHIGAN

5. Defendant Behnan was a Blue Cross Blue Shield of Michigan (BCBSM) participating provider.

6. BCBSM required physicians to provide a diagnostic code and a procedure code on claims in order to be paid for professional services rendered to BCBSM subscribers. Payment for services depended upon the specific diagnostic and procedure codes indicated on the claim form. BCBSM distributed payments to participating providers electronically by depositing money into the providers' bank account of record.

### MEDICARE

7. Defendant Behnan was a Medicare participating provider.

8. The Centers for Medicare and Medicaid Services (CMS) was an agency of the United States responsible for administering the provisions of the federal Medicare Program ("Medicare"), which provided health insurance to the aged and disabled under the provisions of the Social Security Act. Medicare benefits were provided by law to

most persons who had attained the age of 65 and to certain disabled persons. Medicare coverage included "Part B" benefits, which authorized payments for professional services rendered by physicians.

9. Wisconsin Physicians Services (WPS) contracted with CMS to process "Part B" claims in the State of Michigan. Pursuant to that agreement, WPS distributed federal Medicare funds to Michigan physicians who filed claims for payment.

10. WPS required physicians to provide a diagnostic code and a procedure code on claims in order to be paid for professional services rendered to Medicare beneficiaries. Payment for services depended upon the specific diagnostic and procedure codes indicated on the claim form. WPS distributed payments to participating providers electronically by depositing money into the providers' bank account of record.

## COUNT ONE
### (18 USC §§ 1347 and 1349)
### (Conspiracy to Commit Health Care Fraud)

11. Paragraphs One through Ten are incorporated as though fully set forth herein.

12. Beginning in or about September 2002, and continuing to at least November 2007, the exact dates being unknown to the grand jury, in the Eastern District of Michigan, Northern Division, and elsewhere, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL combined, conspired, confederated and agreed with each other and with other persons both known and unknown to the grand jury to knowingly and willfully

execute a scheme and artifice to defraud and to obtain money from health care benefit programs, including, but not limited to, the health care benefit programs identified in Paragraph Four, by means of false and fraudulent pretenses and representations in connection with the delivery of and payment for health care services, in violation of Title 18, United States Code, Sections 1347 and 1349.

## OBJECT OF THE CONSPIRACY

13. The object of the conspiracy was to defraud and to obtain money from health care benefit programs by billing for surgical procedures that were not rendered.

## MEAN AND METHODS

14. It was part of the conspiracy that Defendants Behnan and Morel submitted claims that misrepresented the actual condition being treated. In order to receive reimbursement for services rendered to a patient covered by a health care benefit plan, Behnan and Morel were required to identify the condition being treated with a diagnosis code obtained from the "International Classification of Diseases 9th Revision Clinical Modification Manual" (ICD-9-CM). Payment of defendants' claims depended in part on the diagnosis code used for each procedure billed since some procedures are not reimbursable for certain diagnosis codes. Defendants Behnan and Morel knowingly and willfully used diagnosis codes 703.0, "Ingrowing nail with infection"; 681.10, "Cellulitis and abscess of toe"; 681.11, "Onychia and paronychia of toe"; and 682.7, "Other cellulitis and abscess, foot, except toes"; to fabricate foot and toe infections requiring medical

treatment. By submitting diagnosis codes that misrepresented the actual condition of the patient, Defendants Behnan and Morel fraudulently obtained reimbursement for treatment to which they were not entitled.

15. It was further part of the conspiracy that Defendants Behnan and Morel knowingly and willfully billed health care benefit programs for surgical procedures that were not rendered. In order to receive reimbursement from a health care benefit plan, Defendants Behnan and Morel were required to identify the service or procedure rendered with a code that appeared in a manual called "Current Procedural Terminology" (CPT). Payment of defendants' claims depended in part on the procedure code used for each billed procedure. Defendants Behnan and Morel routinely billed health care benefit programs for surgical procedures using CPT codes 10060, "Incision and drainage of abscess"; and 11730 and 11732, "Avulsion of nail plate". The incision and drainage of an abscess is utilized to promote the resolution of infection or inflammation in a localized collection of puss, while a nail avulsion is the separation and removal of the nail plate, or portion of the nail plate, from the toe. Defendants Behnan and Morel knowingly and willfully used CPT codes 11730, 11732, and 10060 to bill health care benefit programs for surgical procedures they did not render. Therefore, Defendants Behnan and Morel fraudulently received reimbursement to which they were not entitled.

## OVERT ACTS

16. Throughout the conspiracy, the defendants committed various acts in

furtherance of the conspiracy, including the following:

    a.    On or about September 11, 2002, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient F. T. that were never rendered.

    b.    On or about October 29, 2002, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as an incision and drainage of abscess involving patient O. P. that were never rendered.

    c.    On or about January 23, 2003, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as an incision and drainage of abscess involving patient E. M. that were never rendered.

    d.    On or about September 18, 2003, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient A. S. that were never rendered.

    e.    On or about April 20, 2004, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as an incision and

        drainage of abscess involving patient D. W. that were never rendered.

f.    On or about May 11, 2004, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient J. R. that were never rendered.

g.    On or about September 27, 2005, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient N. D. that were never rendered.

h.    On or about October 18, 2005, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient R. M. that were never rendered.

i.    On or about January 27, 2006, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as an incision and drainage of abscess involving patient H. L. that were never rendered.

j.    On or about June 27, 2006, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to BCBSM for services billed as an incision and drainage

of abscess involving patient D. L. that were never rendered.

k. On or about October 17, 2006, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient M. C. that were never rendered.

l. On or about January 11, 2007, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient E. K. that were never rendered.

m. On or about September 5, 2007, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to BCBSM for services billed as a nail avulsion involving patient J. D. that were never rendered.

n. On or about November 16, 2007, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion involving patient "J. M." that were never rendered.

o. On or about November 16, 2007, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully submitted and caused to be submitted a claim to Medicare for services billed as a nail avulsion

involving patient "M. R." that were never rendered.

All in violation of Title 18, United States Code, sections 1349 and 347.

## COUNTS TWO THROUGH ELEVEN
### (18 USC §§ 1347 and 2)
### (Health Care Fraud - Incision and Drainage of Abscess)

17. Paragraphs 1 through 16 are incorporated as though fully set forth herein.

18. Beginning in September 2005, and continuing through November 2007, in the Eastern District of Michigan, Northern Division, and elsewhere, the defendants, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully executed a scheme and artifice to defraud and obtain money from health care benefit programs, including, but not limited to, the health care benefit programs identified in Paragraph Four, by means of false and fraudulent pretenses and representations in connection with the delivery of and payment for health care services, all in violation of Title 18, United States Code, Section 1347.

19. Defendants Behnan and Morel executed their scheme and artifice by diagnosing patients with fictitious foot and toe infections and billing health care benefit programs for surgical procedures that were not rendered. To accomplish the scheme and artifice to defraud, Defendants Behnan and Morel knowingly and willfully submitted and caused to be submitted claims for the incision and drainage of an abscess to Medicare and BCBSM for the patients and dates identified below.

| COUNT | INSURER | DATE OF SERVICE | PATIENT |
|---|---|---|---|
| 2 | Medicare | 12/13/2005 | E. E. |
| 3 | Medicare | 01/27/2006 | H. L. |
| 4 | Medicare | 02/08/2006 | G. J. |
| 5 | BCBSM | 02/21/2006 | D. L. |
| 6 | Medicare | 03/30/2006 | C. G. |
| 7 | Medicare | 06/22/2006 | C. G. |
| 8 | BCBSM | 06/27/2006 | D. L. |
| 9 | Medicare | 04/18/2007 | V. N. |
| 10 | Medicare | 06/14/2007 | G. S. |
| 11 | BCBSM | 11/16/2007 | D. B. |

All in violation of Title 18, United States Code, sections 1347 and 2.

## COUNTS TWELVE THROUGH FORTY-TWO
### (18 USC §§ 1347 and 2)
### (Health Care Fraud - Nail Avulsion)

20. Paragraphs 1 through 19 are incorporated as though fully set forth herein.

21. Beginning in September 2005, and continuing through November 2007, in the Eastern District of Michigan, Northern Division, and elsewhere, the defendants, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL knowingly and willfully executed a scheme and artifice to defraud and obtain money from health care benefit programs, including, but not limited to, the health care benefit programs identified in Paragraph Four, by means of false and fraudulent pretenses and representations in

connection with the delivery of and payment for health care services, all in violation of Title 18, United States Code, Section 1347.

22. Defendants Behnan and Morel executed their scheme and artifice by diagnosing patients with fictitious foot and toe infections and submitting claims to health care benefit plans for surgical procedures that were not rendered. To accomplish the scheme and artifice to defraud, Defendants Behnan and Morel knowingly and willfully submitted and caused to be submitted claims for nail avulsions to Medicare and BCBSM for the patients and dates identified below.

| COUNT | INSURER | DATE OF SERVICE | PATIENT |
| --- | --- | --- | --- |
| 12 | Medicare | 09/27/2005 | N. D. |
| 13 | Medicare | 10/18/2005 | R. M. |
| 14 | Medicare | 11/01/2005 | A. A. |
| 15 | Medicare | 11/09/2005 | R. A. |
| 16 | BCBSM | 11/16/2005 | S. K. |
| 17 | Medicare | 02/16/2006 | E. A. |
| 18 | Medicare | 05/03/2006 | G. S. |
| 19 | BCBSM | 06/01/2006 | C. M. |
| 20 | Medicare | 07/21/2006 | A. M. |
| 21 | Medicare | 07/24/2006 | A. P. |
| 22 | Medicare | 09/19/2006 | S. G. |
| 23 | Medicare | 09/19/2006 | J. Y. |
| 24 | Medicare | 09/28/2006 | M. B. |

| COUNT | INSURER | DATE OF SERVICE | PATIENT |
|---|---|---|---|
| 25 | Medicare | 10/17/2006 | M. C. |
| 26 | Medicare | 10/18/2006 | W. D. |
| 27 | Medicare | 12/04/2006 | J. L. |
| 28 | Medicare | 01/11/2007 | E. K. |
| 29 | Medicare | 03/01/2007 | M. M. |
| 30 | Medicare | 03/08/2007 | W. D. |
| 31 | Medicare | 04/18/2007 | J. M. |
| 32 | Medicare | 05/01/2007 | E. P. |
| 33 | Medicare | 05/22/2007 | M. C. |
| 34 | Medicare | 05/22/2007 | L. D. |
| 35 | BCBSM | 06/16/2007 | P. L. |
| 36 | BCBSM | 06/21/2007 | D. M. |
| 37 | Medicare | 08/15/2007 | L. T. |
| 38 | BCBSM | 09/05/2007 | J. D. |
| 39 | BCBSM | 09/05/2007 | C. B. |
| 40 | BCBSM | 10/02/2007 | P. L. |
| 41 | BCBSM | 11/16/2007 | "J.M." |
| 42 | BCBSM | 11/16/2007 | "M.R." |

All in violation of Title 18, United States Code, sections 1347 and 2.

**FORFEITURE ALLEGATION**

Upon conviction of conspiracy to commit health care fraud as alleged in Count 1 of this Indictment and health care fraud as alleged in Counts 2 through 42, which counts

are incorporated herein by reference, the defendants, RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of these offenses.

1. MONEY JUDGMENT: Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and/or Title 28, United States Code, Section 2461, the United States will seek entry of a money judgment for a sum of money equal to at least $883,081.73, representing the amount of proceeds obtained, directly or indirectly, as a result of the offenses set forth in Counts 1 and 2 through 42 of this Indictment.

2. SUBSTITUTE ASSETS: Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the United States will be entitled to forfeiture of substitute property up to the value of the above forfeitable property if, by any act or omission of defendants, the above property or any portion thereof:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred, sold to, or deposited with a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty.

Dated: September 22, 2010

THIS IS A TRUE BILL

s/Grand Jury Foreperson
GRAND JURY FOREPERSON

BARBARA L. McQUADE
United States Attorney

s/Shane N. Waller
SHANE N. WALLER
Assistant U.S. Attorney
101 First Street, Suite 200
Bay City, Michigan 48708-5747
(989) 895-5712
shane.waller@usdoj.gov
(TX Bar No. 24049796)

s/Barbara Colby Tanase
BARBARA COLBY TANASE
Assistant U.S. Attorney
Chief, Branch Offices
(P-38539)

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☐ No | AUSA's Initials: SNW |

**Case Title:** USA v. RICHARD ALAN BEHNAN, D.P.M., and KELLY MOREL

**County where offense occurred:** Bay

**Check One:**    X Felony    ☐ Misdemeanor    ☐ Petty

   X  Indictment/____Information --- **no** prior complaint.
   ___Indictment/____Information --- based upon prior complaint [Case number: ]
   ___Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information:**

**Superseding to Case No:** _____    **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

September 22, 2010
Date

Shane N. Waller
Assistant United States Attorney
101 First Street, Suite 200
Bay City, MI  48708
Phone:  (989) 895-5712
Fax: (989) 895-5790.
E-Mail address:  shane.waller@usdoj.gov
Attorney Bar #:  TX 24049796

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04